NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

ASHKENAZY PROPERTY MANAGEMENT CORPORATION d/b/a L'Ermitage Hotel, Respondent.

No. 84–7680.

United States Court of Appeals, Ninth Circuit.

May 8, 1987.

Kenneth Hipp, Peter Winkler, and Morton Namrow, Washington, D.C., for petitioner.

Howard M. Knee and Edward B. Robin, Los Angeles, Cal., for respondent.

Michael Rubin, San Francisco, Cal., Ellen Greenstone, Steven Holguin, Los Angeles, Cal., for charging party.

Before CANBY, REINHARDT and NOONAN, Circuit Judges.

### ORDER

The charging party's motion to compel compliance with our decision in this case, issued on July 28, 1986, 796 F.2d 479, is denied. The NLRB has agreed that it will comply with that decision in light of our earlier decision in *Local 512, Warehouse & Office Workers' Union v. NLRB (Felbro)*, 795 F.2d 705 (9th Cir.1986). In *Felbro*, we held that, in the case of workers present in the United States, remedies afforded for violations of the National Labor Relations Act, 29 U.S.C. § 158 (1982), were to be implemented regardless of the worker's immigration status. *Id.*

█ The Board's statement that it is agreeing to comply with *Felbro* in this case only is unacceptable. Administrative agencies are not free to refuse to follow circuit precedent in cases originating within the circuit, unless the Board has a good faith intention of seeking review of the particular proceeding by the Supreme Court. *See Lopez v. Heckler*, 572 F.Supp. 26 (C.D.Cal. 1983), *aff'd in part, rev'd in part*, 725 F.2d 1489, 1503 (9th Cir.) (The "Secretary is deliberately and unequivocally flouting the procedures she is required by law to follow.... [T]he Secretary here knows precisely what the courts say the law is and is nevertheless refusing to apply the law as so defined."), *vacated and remanded in light of recent legislation*, 469 U.S. 1082, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984); *Elliott v. Weinberger*, 564 F.2d 1219, 1226 (9th Cir.1977) (approving of administrative mandamus under 28 U.S.C. § 1361 because "[o]nce the court interprets the law" the defendant's duty is clear) (citation omitted), *aff'd on other grounds sub nom, Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); *Cardoza Fonseca v. INS*, 767 F.2d 1448, 1453–55 (9th Cir.1985), *aff'd* —— U.S. ——, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). *See also Allegheny General Hospital v. NLRB*, 608 F.2d 965, 970 (3d Cir.1979) ("A decision by this court, not overruled by the United States Supreme Court, is ... binding on all inferior courts and litigants in the [circuit], and also on administrative agencies."). However, any future act of "nonacquiescence" should be dealt with by this court in the specific context in which it occurs so that we may address the agency's particular violation of the rule of law and fashion a remedy that is appropriate in light of all the relevant circumstances.