917 F.2d 62
 135 L.R.R.M. (BNA) 2872, 286 U.S.App.D.C. 348
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
 ASHKENAZY PROPERTY MANAGEMENT CORPORATION d/b/a L'Ermitage
Hotel, Ashkenazy Enterprises Inc., Ashkenazy
Development Corporation, 9289 Burton
Company d/b/a L'Ermitage
Hotel, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondents,
The Hotel Employees and Restaurant Employees Union, Local
11, AFL-CIO, Intervenor.
 
 No. 89-1391.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 30, 1990.
 Before HARRY T. EDWARDS, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the petition for review of an order of the National Labor Relations Board, and was briefed and argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See: D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the petition for review of the National Labor Relations Board's decision of April 28, 1989 be affirmed.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.
 
 MEMORANDUM
 
 4
 The National Labor Relations Board ("the Board" or "NLRB") found that Ashkenazy Property Management Corporation ("Ashkenazy") committed an unfair labor practice by discharging employees who were engaged in protected concerted activities ("discriminatees"). The Regional Director initially ordered proceedings to implement backpay remedies, but required discriminatees to prove their lawful presence within the country as a condition of receiving backpay.
 
 
 5
 The Hotel and Restaurant Employees and Bartenders Union, Local 11, challenged this order in the Ninth Circuit, arguing that the Regional Director's order was inconsistent with the Ninth Circuit's decision in Local 512, Warehouse & Office Workers' Union v. NLRB, 795 F.2d 705 (9th Cir.1986) ("Felbro "). In that case, the Ninth Circuit held that NLRB remedies are to be implemented regardless of a discriminatee's undocumented status. In response, the General Counsel for the NLRB advised the court that all further backpay proceedings would be held in compliance with the Felbro decision. Accordingly, the Ninth Circuit denied the Union's motion to compel compliance. NLRB v. Ashkenazy Property Management Corp., 817 F.2d 74 (9th Cir.1987).
 
 
 6
 The Board then held backpay proceedings in compliance with Felbro, awarding backpay to seven named discriminatees and ordering Ashkenazy to pay a lump sum into escrow for the benefit of nine unavailable discriminatees. Ashkenazy now appeals the Board's order to this Court.
 
 I.
 
 7
 Ashkenazy first challenges the Board's decision to hold its backpay hearings in compliance with the Ninth Circuit's Felbro decision. However, we find that this issue was already decided by the Ninth Circuit in NLRB v. Ashkenazy Property Management Corp., 817 F.2d 74 (9th Cir.1987), and thus will be followed by this Court as the law of the case.
 
 
 8
 Under the law of the case doctrine, a legal decision made at a prior stage of litigation, unchallenged by subsequent appeal, is binding on subsequent stages of the litigation. See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C.Cir.1987). Although this doctrine is a prudential, rather than jurisdictional limitation, see Women's Equity Action League v. Cavazos, 906 F.2d 742 (D.C.Cir.1990), its application is particularly appropriate where a party brings a previously decided issue before a second forum, in an attempt to "forum shop" for a second opinion. See Indianapolis Power & Light Co. v. NLRB, 898 F.2d 524 (7th Cir.1990).
 
 
 9
 Here, the Ninth Circuit previously decided that the Board was required to conduct its backpay hearings in a manner consistent with the Ninth Circuit's Felbro decision. Indeed, the Ninth Circuit specifically stated that "in the case of workers present in the United States, remedies afforded for violations of the National Labor Relations Act, 29 U.S.C. Sec. 158 (1982), [are] to be implemented regardless of the worker's immigration status." Ashkenazy Property Management, 817 F.2d at 75.
 
 
 10
 Under the law of the case, this Court should respect this prior ruling unless it is clearly erroneous or will work a substantial injustice. Melong v. Micronesian Claims Comm'n, 643 F.2d 10, 17 (D.C.Cir.1980), quoting, White v. Murtha, 377 F.2d 428, 432 (5th Cir.1967). Here, Ashkenazy argues that the Ninth Circuit's decision to apply Felbro in this case is clearly erroneous when examined under the Supreme Court's decision in Sure-Tan, Inc. v. NLRB, 467 U.S. 883 (1984).
 
 
 11
 In Sure-Tan, the Supreme Court required NLRB remedies awarded discriminatees who had been voluntarily deported from the country to be conditioned upon the discriminatees' legal reentry into the country. The Ninth Circuit found that Sure-Tan did not address the remedy eligibility of undocumented discriminatees who have remained in the United States and who have not been subject to INS proceedings. Thus, the Ninth Circuit's view is that Sure-Tan is not inconsistent with Felbro 's holding that remedies should be available to discriminatees who remained in the country and were not subject to a final INS determination. See Felbro, 795 F.2d at 717; see also Rios v. Enterprise Ass'n Steamfitters Local Union 638 of U.A., 860 F.2d 1168 (2d Cir.1988).
 
 
 12
 Although this Court need not adopt a similar interpretation of Sure-Tan, we find that the rationale provided by the Ninth Circuit is not clearly erroneous, nor does it work a substantial injustice. For these reasons, the law of the case applies, and the Board was correct in holding its hearings to comply with the law of the Ninth Circuit.
 
 II.
 
 13
 Ashkenazy also argues that the Board's backpay awards to six of the seven named discriminatees were erroneous because there was not substantial evidence that the discriminatees met their duty to search for interim employment with reasonable diligence. See NLRB v. Madison Courier, Inc., 505 F.2d 391, 395 (D.C.Cir.1974). The burden of showing that discriminatees did not meet this duty, however, lies with the employer, rather than with the discriminatees. See, e.g., Sun World, Inc., 282 N.L.R.B. 785 (1987). Here, the Board supported its findings with testimony that all six employees searched diligently for jobs, that all six in fact found interim employment, and that several, at times, were receiving compensation that exceeded their gross backpay levels. As Ashkenazy offered no evidence to rebut this testimony, we find that the Board's findings are supported by substantial evidence on the record as a whole. See St. Agnes Medical Center v. NLRB, 871 F.2d 137, 144 (D.C.Cir.1989).
 
 
 14
 Finally, we reject Ashkenazy's contention that the Board erred in ordering the backpay for nine unavailable discriminatees to be placed in escrow. This remedy is appropriate where employer liability exists as to unavailable discriminatees, even though mitigation may yet be shown when a discriminatee makes a claim to the fund. See Starlite Cutting, Inc., 280 N.L.R.B. 1071 (1986), as amended, 284 NLRB 620 (1987); see also NLRB v. Rice Lake Creamery Co., 365 F.2d 888, 891-92 (D.C.Cir.1966) (approving escrow remedy for multiple unavailable claimants).
 
 
 15
 For the preceding reasons, the order of the Board is in all respects
 
 
 16
 AFFIRMED.