**Paul N. BOWEN, Petitioner,**

v.

**Joseph CRABTREE, Warden, Respondent.**

**No. CIV. 98–126–HA.**

United States District Court, D. Oregon.

Sept. 1, 1998.

---

Ellen C. Pitcher, Stephen R. Sady, Federal Public Defender, Portland, OR, for Petitioner.

Kenneth C. Bauman, U.S. Attys. Office, Portland, OR, for Respondent.

## OPINION AND ORDER

HAGGERTY, District Judge.

### I. INTRODUCTION

The petitioner, Paul N. Bowen ("Bowen"), is an inmate at the Federal Correctional Institution ("FCI") at Sheridan, Oregon. The respondent, Joseph H. Crabtree, is the Warden of FCI at Sheridan, Oregon, and is inmate Bowen's custodian and the proper respondent in this action. Fed.R.Civ.P. 81(a)(2); *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992).

Bowen has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Bowen's petition argues that his statutory and due process rights are being violated by the BOP's revocation of his eligibility determination for a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) Upon consideration of the parties' briefs, the relevant law, and the record herein, the court grants Bowen's petition for a writ of habeas corpus for the reasons set forth in the opinion and order below.

### II. BACKGROUND

Bowen is serving a 77–month term of imprisonment at FCI Sheridan for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Pursuant to 18 U.S.C. § 3621(b), Congress provided that the BOP shall make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse. On September 14, 1994, Congress enacted the Violent Crime Control and Law Enforcement Act which amended Section 3621 to allow the BOP to grant federal inmates convicted of a nonviolent offense up to a one year sentence reduction for the successful completion of a drug rehabilitation program. 18 U.S.C. § 3621(e)(2)(B).

The record indicates that on May 30, 1997, Bowen entered into an "Agreement to Participate in a BOP Residential Drug Abuse Treatment Program." *See* Respondent's Answer, Exhibit C at 1–3. This agreement explicitly provides, in relevant part, that if Bowen is found eligible for early release under 18 U.S.C. § 3621(e), "this eligibility is provisional and may change." *See* Respondent's Answer, Exhibit C at 3.

On June 2, 1997, the BOP notified Bowen, via a form entitled "Provisional Notice of Residential Drug Abuse Program and 3621(e) Eligibility," that "it appears that you are eligible to participate in the residential program." *See* Respondent's Answer, Exhibit C at 4. The provisional notice then went on to state, "it appears that you will be provisionally eligible for early release." *See* Respondent's Answer, Exhibit C at 5. The provisional notice concludes by advising Bowen of his right to use the administrative process to appeal the BOP's decision should he be unsatisfied with the result.

On June 10, 1997, the BOP approved Bowen's provisional early release eligibility pursuant to 18 U.S.C. § 3621(e). *See* Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus Relief ("Petitioner's Mem."), Exhibit E. The BOP then placed Bowen on a waiting list to participate in the drug abuse treatment program on June 16, 1997. *See* Respondent's Answer, Exhibit D.

Several months later, on October 9, 1997, the BOP amended Program Statement 5330.10 by issuing Change Notice–03 ("CN–03") and Program Statement 5162.04 which categorically disqualified prisoners who, like Bowen, were convicted under 18 U.S.C. § 922(g). *See* Respondent's Answer, Exhibits A and B. Subsequently, on October 28, 1997, the BOP reevaluated Bowen's eligibility status with the help of a checklist entitled "Notification of Instant Offense Determination," and determined that in light of CN–03 Bowen's instant crime was a crime that now excluded him from early release under 18

U.S.C. § 3621(e). *See* Respondent's Answer, Exhibit C at 6. On December 11, 1998, the BOP advised Bowen of its determination via a document entitled "Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility." *See* Respondent's Answer, Exhibit C at 8–9. Notwithstanding the BOP's notification to Bowen that he was no longer eligible for early release, on January 8, 1998, Bowen began the first phase of the residential drug abuse treatment program. *See* Respondent's Answer, Exhibit D.

## III. DISCUSSION

Bowen raises several challenges to the BOP's revocation of his early release eligibility under 18 U.S.C. § 3621(e)(2)(B). Among these challenges is one based on the retroactivity doctrine. However, Bowen claims that the retroactivity issue is dispositive of this case and therefore limited the legal argument contained in his memorandum in support of his petition to that one issue.

In particular, Bowen argues that because he initially had been determined to be provisionally eligible for the Section 3621(e) incentive, retroactive application of an interim regulation categorically denying Bowen's eligibility violates the constitutionally-based retroactivity doctrine in violation of the Ninth Circuit's recent decision in *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir.1997). This court agrees with Bowen and finds his retroactivity challenge persuasive for the following reasons.

In *Cort*, the petitioners were serving sentences for current convictions of unarmed robbery in violation of 18 U.S.C. § 2113(a). Each petitioner had entered into a drug treatment program and at some point the BOP advised all but one of the petitioners that they were eligible for a § 3621(e)(2)(B) sentence reduction. Soon thereafter, the BOP issued Program Statement 5162.02 which stated, in relevant part, that § 2113(a) offenses may or may not render a prisoner ineligible for a sentence reduction, depending upon the characteristics of the offense as specified in the prisoner's presentence report. Subsequently, the BOP issued Change Notice–01 which amended Program Statement 5162.02 to categorize all bank robbery offenses as crimes of violence. As a result of the amendment, the BOP re-evaluated the petitioners' eligibility statuses and informed them that they were no longer eligible for the sentence reduction.

On appeal, the Ninth Circuit held that Change Notice–01 could not be construed as applying retroactively and could only apply to those prisoners who had neither entered the substance abuse treatment program nor received favorable eligibility determinations as of the date of its issuance. *Cort*, 113 F.3d at 1086–87. Accordingly, the BOP remained bound by its initial determination that the petitioners were statutorily eligible for sentence reductions under 18 U.S.C. § 3621(e)(2)(B).

In response to Bowen's petition, Respondent first argues that this case is not controlled by the *Cort* decision. Specifically, Respondent contends that the *Cort* decision "simply held that 'Change Notice CN–01 [to 5162.02] applies only to prisoners who had neither entered the substance abuse treatment program nor received favorable eligibility determinations as of the date of its issuance.'" *See* Respondent's Answer at 9. This court disagrees and is of the opinion that the *Cort* decision is directly on point with the present case.

To name a few reasons, this court notes that the present case is substantially similar to *Cort* in that, first, it involves Program Statement 5162, the same rule at issue in *Cort*. Second, similar to *Cort*, it is clear that the BOP made a prospective determination which found Bowen eligible for the sentence reduction. *See* Respondent's Answer, Exhibit C. Third, Bowen's eligibility decision rendered by the BOP did not purport to attach any condition subsequent to eligibility other than the successful completion of the program. *See* Respondent's Answer, Exhibit C. Fourth, as in *Cort*, it is clear that Bowen's eligibility determination was intended to be a final decision because the notification form used by the BOP also informed Bowen of his right to use the administrative remedy procedure to appeal the decision were he found to be ineligible. *See* Respondent's Answer, Exhibit C at 5.

Next, Respondent argues that the present case is distinguishable from *Cort* in that there, the inmates had a settled expectation because they had already undergone numerous hours of drug treatment. In the present case, however, Respondent stresses that Bowen had not even begun to participate in the BOP treatment program when P.S. 5162.04 and CN–03 were issued. Therefore, Respondent argues that Bowen's eligibility determination did not give him a settled expectation and that the BOP should be. permitted to apply its revised policies to inmates who have not yet begun to participate in the first phase of the treatment program. This argument is likewise untenable.

As stated by the United States Supreme Court and recently emphasized by the Ninth Circuit, "[e]lementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted." *Landgraf v. USI Film Products*, 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *see also Cort v. Crabtree* 113 F.3d 1081, 1084 (1997) (quoting *Landgraf*). As previously mentioned, the Ninth Circuit in *Cort*, explicitly held that an amended rule could only apply to prisoner who had "neither entered nor received favorable eligibility determinations as of the date of issuance." *Cort*, 113 F.3d at 1084.

In the present case, the court concludes that the BOP has wrongfully disrupted Bowen's settled expectation because he had already been provided with a determination of eligibility prior to the date the amended regulation went into effect. This is supported by the BOP's own interpretation of *Cort* as stated in its Operations Memorandum 054–97 (5162). Operations Memorandum 054–97 (5162) reads, in pertinent part:

> In *Cort v. Crabtree*, the Ninth Circuit held that CN–02 to PS 5162.02 cannot be applied to inmates who either began participating in the RDAP or had received favorable eligibility determinations for a sentence reduction on or before April 23, 1996, the date of the issuance of CN–01.

Operations Memorandum 054–97. The above language evinces the BOP's interpretation of the *Cort* decision in that an eligibility determination made before amended rules were issued could not be revoked based on subsequent rules. The Operations Memorandum further reveals that the decisive date is when a prisoner receives a SENTRY DRG designation of "DAP WAIT." Here, Bowen was notified of his eligibility determination and given a DAP WAIT designation well before the BOP promulgated the new rule. *See* Respondent's Answer, Exhibit D. And, it is precisely the BOP's determination of eligibility that gave Bowen a basis to believe that he would receive a sentence reduction should he successfully complete the drug treatment program.

In other words, it is the BOP's notification of eligibility that gives rise to some degree of a settled expectation to prisoners that they are entitled to its benefits. This conclusion is further supported because it is this notification which prisoners are entitled to appeal. Accordingly, the court rules that the fact that Bowen had not actually begun his participation in the program is of no consequence because in accordance with *Cort*, once a prisoner receives a favorable eligibility determination, a subsequent Change Notice cannot apply to him.

The court also rejects Respondent's argument that this case is distinguishable from *Cort* because any notification regarding eligibility for early release consideration issued to Bowen was merely provisional. Although Bowen's eligibility determination was qualified by the term "provisional," there is no indication that the term "provisional" referred to changes in the law or new rules and regulations. Rather, it appears that the BOP has always treated eligibility determinations to be provisional subject only to successful completion of the three separate phases of the program. This is evidenced by several documents. First, there is the actual 1996 "Agreement to Participate in a BOP Residential Drug Abuse Treatment Program," entered into by Bowen and a BOP Drug Treatment Specialist, Timothy S. Wright. *See* Respondent's Answer, Exhibit C. Although the agreement states that the eligibility determination is "provisional, and may change," it contains no reference what-

soever to changes in law, but only to other conditions such as completion of the three phases of the treatment program. *See* Respondent's Answer, Exhibit C at 2.

Second, there is the text of Change Notice–01 to Program Statement 5330.10. *See* Respondent's Answer, Exhibit I. Here too, there is no reference to the effect of new regulations, rules or laws. The text merely makes reference to disqualifying events such as program failure. *See* Respondent's Answer, Exhibit I at 18.

Third, the court examined the BOP's 1997 form entitled "Provisional Notice of Residential Drug Abuse Program and 3621(e) Eligibility." This form was used by the BOP when the amended regulation at issue went into effect, CN–03. The form was modified to include the additional phrase "always provisional and may change." *See* Petitioner's Supplemental Points and Authorities, Exhibit G1–G11. Even this form contains no reference to changes of law or rules.

Fourth, the court also reviewed the BOP's new 1997 form entitled "Notification of Provisional Determination for 18 U.S.C. § 3621(e) Sentence Reduction." *See* Petitioner's Supplemental Points and Authorities, Exhibit H. Not surprisingly, this form also fails to make any reference to new laws and or rules. Rather, the term "provisional" merely refers to inmate circumstances. It reads, in pertinent part, as follows: "This adjusted 3621(e) date is provisional, and may change, depending on the inmate's circumstances." *See* Petitioner's Supplemental Points and Authorities, Exhibit H.

Finally, the record contains a written statement made by BOP Executive Assistant Mary Sullivan which is very telling. It reads:

> The major change is the addition of the § re: "eligibility is provisional" (CN–01, B3–P.S.) Although not in [prior contracts], this has always been the case.

*See* Petitioner's Supplemental Points and Authorities, Exhibit C. This statement only confirms that the addition of the term "provisional" on the newer drug treatment forms was not interpreted by the BOP to mean that prisoners' eligibility statuses would be subject to new laws, rules or regulations.

Based on all of the above evidence, the court must reject Respondent's argument that the eligibility notification issued to Bowen was merely provisional. Contrary to Respondent's position, the references to the term "provisional" only appears to address the conditions that must be met by prisoners prior to obtaining a final determination of eligibility. Accordingly, this court rules that the term "provisional," as used by the BOP in the various documents discussed above, has no consequence on retroactivity.

In conclusion, the BOP's decision to reevaluate Bowen under the amended regulation and its declaration that he is now ineligible for a reduction in sentence under § 3621(e)(2)(B) was not permissible and was in violation of the retroactivity doctrine.[1]

## IV. ORDER OF THE COURT

For the foregoing reasons, it is

**ORDERED** that Bowen's petition for a writ of habeas corpus (doc. # 1) is **GRANTED.**

---

1. Respondent also argues that the BOP has authority for retroactive rule making. This court, however, was unable to find any statute or regulation which bestows upon the BOP such authority. In addition, with out further support, the court must reject Respondent claim that the *Cort* decision implicitly found that the statute authorized retrospective ruling. Accordingly, the court will not delve into an analysis of the appropriateness of applying a rule retroactively as set forth in *Delancy v. Crabtree*, 131 F.3d 780, 787 (9th Cir.1997) and *Seldovia Native Assoc., Inc. v. Lujan*, 904 F.2d 1335, 1348 (9th Cir.1990).