John GAVIS, Petitioner,

v.

Joseph CRABTREE, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.

Timothy Washeleski, Petitioner,

v.

Joseph Crabtree, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.

Conrad Niemeier, Petitioner,

v.

Joseph Crabtree, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.

Nos. CIV. 98–1098–HA, CIV. 98–1100–HA, and CIV. 98–1102–HA.

United States District Court, D. Oregon.

Nov. 23, 1998.

Stephen R. Sady, Chief Deputy Federal Defender, Portland, OR, for Petitioners.

Kenneth C. Bauman, Assistant U.S. Attorney, United States Attorney's Office, District of Oregon, Portland, OR.

OPINION AND ORDER

HAGGERTY, District Judge.

## I. Introduction

This matter comes before the court upon petitions filed by John Gavis, Timothy Washeleski, and Conrad Niemeier seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.

The petitioners argue that their statutory and due process rights are being violated by the U.S. Bureau of Prison's ("BOP") revocation and/or denial of their eligibility determination for a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Because all three petitioners filed a consolidated memorandum in support of their positions and the government has responded to each by raising similar issues and arguments in its briefs, this court will issue a consolidated opinion resolving these cases.

At issue in these cases is Change Notice–03 to Program Statement 5330.10 and Program Statement 5162.04, which categorically disqualifies prisoners who were convicted under 18 U.S.C. § 922(g) or received a two-point sentencing enhancement under U.S.S.G. § 2B1.1(b). *See also* Fed.Reg. 53, 690 (1997). Change Notice–03 has the effect of overturning prior decisions of this court and several other courts in the nation that have held that prisoners convicted of drug trafficking and firearms possession offenses are eligible for the one-year sentence reduction upon successful completion of the drug and alcohol treatment program ("DAP").

## II. Pertinent Prior DAP Litigation and its Effect

In February 1996, this court granted habeas corpus relief for a prisoner who was deemed by the BOP to be ineligible for a sentence reduction based on a BOP program statement which treated a drug-trafficking offense where there was a sentencing enhancement for possession of a firearm as a "crime of violence." *Downey v. Crabtree*, 923 F.Supp. 164 (D.Or.1996). A month later, in March 1996, this court struck down the BOP's program statement concerning felons in possession of firearms. *Davis v. Crabtree*, 923 F.Supp. 166 (D.Or.1996). These decisions were both affirmed by the Ninth Circuit Court of Appeals. *See Downey v. Crabtree*, 100 F.3d 662 (9th Cir.1996), and *Davis v. Crabtree*, 109 F.3d 566 (9th Cir.1997).

As a result of the *Downey* decision, on December 24, 1996, the BOP issued Operations Memorandum 149–96 (5162). This memorandum instructed BOP staff members to no longer disqualify prisoners on the basis

of sentence enhancement factors. Subsequently, on May 30, 1997, following the affirmation of the *Davis* decision, the BOP issued Operations Memorandum 038–97 (5162). This memorandum instructed BOP staff members to no longer interpret the offense of felon in possession of a firearm as a crime of violence.

### III. Petitioner Washeleski

■ As a preliminary matter, it appears that Washeleski should receive a retroactive determination that he is eligible for participation in the DAP program based on the relief granted in *Bowen v. Crabtree*, 1998 WL 640439 (D.Or. Sept.1, 1998). In *Bowen*, this court held that because the petitioner initially had been determined to be provisionally eligible for the Section 3621(e) incentive, retroactive application of an interim regulation categorically denying petitioner's eligibility violated the constitutionally-based retroactivity doctrine in violation of the Ninth Circuit's recent decision in *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir.1997).

In the present case, the record shows that Washeleski applied for the program on September 20, 1996, and signed an agreement to participate. *See* Petitioner's Consolidated Memorandum in Support of Habeas Corpus Petitions, Exhibit E. Although the *Downey* and *Davis* rulings had already been rendered, Washeleski was not given a formal notice of eligibility. Then, on September 27, 1997, two weeks *prior* to the promulgation of the new program statement, the BOP informed Washeleski that he was ineligible for early release consideration under Section 3621(e) in light of his two-point enhancement at his sentencing. *See* Petitioner's Consolidated Memorandum in Support of Habeas Corpus Petitions, Exhibit F.

This denial appears to have been done in anticipation of the October 9, 1997, program statement. However, at the time of the BOP's denial, the *Downey* decision prohibited the BOP from excluding Washeleski from the program because it specifically held that a sentence enhancement for the possession of a weapon is a nonviolent offense. In addition, the denial was in clear violation of the Change Notice implementing *Downey* in the

Ninth Circuit. *See* Operations Memorandum 149–96 (5162) (Dec. 24, 1996). Accordingly, this court rules that Washeleski was eligible under not only *Downey*, but the relevant Operations Memorandum then in place.

### IV. Petitioners Gavis and Niemeier

Petitioners Gavis and Niemeier have both been convicted of a nonviolent offense under *Davis v. Crabtree*, 109 F.3d 566 (9th Cir. 1997), and have been denied early release consideration based on the BOP's new regulation and program statements. Specifically, the new rule states that prisoners are ineligible whose current offense is a felony:

> That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>
> That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive (including any explosive material or explosive device), or
>
> That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
>
> That by its nature or conduct involves sexual abuse offenses committed upon children.

P.S. 5162.04 (Oct. 9, 1997); CN–03 PS 5330.10 (Oct. 9, 1997); 28 C.F.R. § 550.58 (Oct. 15, 1997).

■ The inescapable result of this new program statement is that it reverses governing case law by looking to the underlying facts to exclude prisoners in the *Downey* and *Davis* classes from early release consideration. The definition of "a prisoner convicted of a nonviolent offense" for the purpose of section 3621(e) eligibility is, however, a question of statutory construction, and therefore, the principles and holdings of *Downey* and *Davis* must still govern. In *Downey*, the court held that the BOP's reliance on sentencing enhancements conflicts with the plain and unambiguous statutory meaning of Section 3621(e). *Downey*, 100 F.3d at 666–68. Similarly, in *Davis*, the court concluded "[i]n sum, the BOP may not interpret the term 'nonviolent offense' to exclude the offense of

felon in possession of a firearm." *Davis,* 109 F.3d at 569. Based on the ample Ninth Circuit case law on point, this court rules, that under the circumstances at bar, the determination as to whether a prisoner's current offense is nonviolent for purposes of Section 3621(e) eligibility is a matter of statutory construction and not an exercise of discretion in the BOP's hands. And, since the statute's construction has already been made based on the agency's prior regulation at issue, the new and inconsistent rule defining crimes of violence is invalid. *See also Orr v. Hawk,* 156 F.3d 651 (6th Cir.1998) (concluding that "in view of the absence of statutory support for the agency's definition of 'nonviolent offense,' ... as well as the body of decisional law construing the term 'crime of violence' not to include § 922(g) violations, the BOP cannot reasonably refuse to consider those convicted as felons in possession for early release under § 3621(e)(2)(B).")

■ Moreover, it would also appear that the BOP's new rule violates well-established principles of *stare decisis* and administrative law that prohibits agency rules that conflict with judicial interpretation of the relevant statute. In *Neal v. United States,* 516 U.S. 284, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996), the Supreme Court held that an agency could not alter the statutory construction of the federal courts. In particular, it stated that "[o]nce we have determined a statute's meaning, we adhere to our ruling under the doctrine of *stare decisis,* and we assess an agency's later interpretation of the statute against that settled law." *Neal,* 516 U.S. at 295, 116 S.Ct. 763. Although factually speaking, the *Neal* decision is not on point with the matter before the court, its relevance lies in that the Supreme Court reiterated the primacy of the federal courts in statutory interpretation and the necessity of adhering to previous decisions under the doctrine of *stare decisis.*

■ In addition, certain basic principles of administrative law support the application of *stare decisis* in determining whether a prisoner is convicted of a violent crime. First, courts do not accord deference to agency interpretations that are not consistently held. *Oregon v. BLM,* 876 F.2d 1419 (9th Cir.1989). As petitioners have pointed out and as dem-

onstrated by the years of DAP litigation, the BOP has been extremely inconsistent in its construction of Section 3621(e).

■ Next, the Supreme Court has stated that where "the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). And, once that statute is found to be unambiguous, no deference is owed to the agency. *United States v. LaBonte,* 520 U.S. 751, 117 S.Ct. 1673, 1679 n. 6, 137 L.Ed.2d 1001 (1997). Here, the *Downey* court has already held that the plain and unambiguously expressed intent of Congress was that drug traffickers, regardless of sentencing factors, are eligible for the Section 3621(e) incentive. In addition, the *Davis* court has already found that Congress intended prisoners convicted of being a felon in possession of a firearm to be eligible for the incentive.

■ Finally, under the doctrine prohibiting nonacquiesence to judicial ruling, administrative agencies are not free to decline to follow circuit precedent in cases within the circuit, unless the agency has a good faith intention of seeking Supreme Court review. *NLRB v. Ashkenazy Property Management Corp.,* 817 F.2d 74, 74–75 (9th Cir.1987). Here, in this line of DAP cases, the BOP has never sought certiorari from the Supreme Court.

## V. Conclusion

Based on the above written opinion, it is

**ORDERED** that petitioner Washeleski shall receive a retroactive determination that he is eligible for participation in the DAP program based on the relief granted in *Bowen v. Crabtree,* 1998 WL 640439 (D.Or. Sept.1, 1998); it is

**FURTHER ORDERED** the BOP's new rules are invalid to the extent that they purport to disqualify prisoners with possessory offenses or prisoners who have received a two-point sentencing enhancement under U.S.S.G. § 2B1.1(b). Accordingly, the BOP

must deem petitioners Gavis and Niemeier eligible for the one-year sentence reduction pursuant to Section 3621(e)(2)(B) upon successful completion of the DAP program.

**IT IS SO ORDERED.**