**Jeffery NELSON, Petitioner,**

v.

**Joseph CRABTREE, Warden, Respondent.**

**No. Civ. 98–1244–HA.**

United States District Court, D. Oregon.

Jan. 6, 1999.

Ellen C. Pitcher, Stephen R. Sady, Federal Public Defender, Portland, OR, for Petitioner.

Kenneth C. Bauman, U.S. Attorney's Office, Portland, OR, for Respondent.

### OPINION AND ORDER

HAGGERTY, District Judge.

## I. INTRODUCTION

The petitioner, Jeffrey Nelson ("Nelson"), is an inmate at the Federal Correctional Institution ("FCI") at Sheridan, Oregon. The respondent, Joseph H. Crabtree, is the Warden of FCI at Sheridan and is inmate Bowen's custodian and the proper respondent in this action. Fed. R.Civ.P. 81(a)(2); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992).

Nelson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Nelson's petition contends that his statutory and due process rights are being violated by the Federal Bureau of Prisons's ("BOP's") revocation of his eligibility determination for a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). For the reasons set forth below, the court will grant Nelson's petition for a writ of habeas corpus and deny the BOP's request for a stay pending resolution of its appeal of a similar decision of this court.

## II. BACKGROUND

Nelson is serving a 57–month term of imprisonment at FCI Sheridan for possession with intent to distribute amphetamine, in violation of 18 U.S.C. § 922(g). Pursuant to 18 U.S.C. § 3621(b), the BOP is required to make available an appropriate substance-abuse treatment for treatable prisoners. On September 14, 1994, Congress enacted the Violent Crime Control and Law Enforcement Act which amended § 3621 to allow the BOP to grant federal inmates convicted of a nonviolent offense up to a one-year sentence reduction for the successful completion of such a program. 18 U.S.C. § 3621(e)(2)(B). The express purpose of the provision is to provide nonviolent offenders with an incentive to enter into and complete a substance-abuse program. *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir.1997).

The record indicates that on April 2, 1997, the BOP determined Nelson was eligible for early release if he resolved an outstanding bench warrant for failure to appear. (*See* Petition, ex. A.) On October 8, 1997, after the warrant had been resolved, the BOP advised Nelson he was eligible for the program. (*See* Petition, ex. B.) On October 9, 1997, however, the BOP retroactively applied Change Notice–03 to Program Statement 533.10 and Program Statement 5162.04, which categorically disqualifies prisoners who received a two-point sentencing enhancement under U.S.S.G. 2D1.1. Based on this new rule, on October 30, 1997, the BOP revoked Nelson's eligibility for a sentence reduction. (*See* Petition, ex. C.) Nelson began a one-

year residential treatment program in May 1998 and is expected to graduate in May 1999.

## III. DISCUSSION

### A. Request for a Stay

■ In its memorandum to the court, (doc. 6), the BOP requests a stay pending resolution by the Ninth Circuit of an appeal of a similar case decided against it, *Bowen v. Crabtree*, 22 F.Supp.2d 1131 (D.Or.1998). The government recognizes this case contains some issues decided against it in *Bowen* and argues that since Nelson's treatment will not be completed for several months, he will not be prejudiced by a delay, apparently under the assumption that the Ninth Circuit will have decided *Bowen* in the meantime. Nelson opposes the request.

■ The following standard applies to a request for a stay pending appeal: (1) whether the applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will suffer irreparable injury unless a stay is granted; (3) whether a stay will substantially injure other interested parties; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Applying this standard, the BOP's request will be denied.

First, as described below, the BOP's actions conflict with Ninth Circuit precedent. Second, the BOP offers no hint of irreparable injury. If it chooses to appeal this court's ruling and then receives an adverse decision in *Bowen*, it can simply dismiss the appeal. Third, Nelson may be substantially injured by a stay. The incentive purpose behind the program would likely be reduced if Nelson were expected to complete his treatment program with no assurance he will obtain early release upon its completion. *See Cort*, 113 F.3d at 1085 (noting the purpose of § 3621 is to provide an incentive for inmates to enter into and complete substance-abuse programs). In addition, any assumption that the Ninth Circuit will have completed its review of *Bowen* by May 1999 is pure speculation.

Moreover, Nelson might be prejudiced by a stay because he must make arrangements for his release before it occurs. (*See* Petitioner's Reply at 3–4) (noting that Nelson would be eligible for transfer to a half-way house immediately upon graduation from the program and those arrangements are better made beforehand). Fourth, the BOP's actions have been ruled unlawful by both the Ninth Circuit and this court under similar circumstances. Encouraging the BOP to persist in denying inmates early release when the federal courts have ruled otherwise would be adverse to the public interest. For these reasons, no stay is warranted.

### B. Merits

■ Nelson challenges the BOP's revocation of his early release eligibility under 18 U.S.C. § 3621. Because the BOP initially determined Nelson to be provisionally eligible for early release, retroactive application of an interim regulation categorically denying his eligibility for early release violates two recent Ninth Circuit decisions, *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir.1997) and *Downey v. Crabtree*, 100 F.3d 662, 668 (9th Cir.1996).

■ The BOP made a prospective determination that found Nelson eligible for a sentence reduction. It likely did so because the Ninth Circuit had ruled in *Downey*, 100 F.3d at 668, that the BOP may not base program eligibility on the basis of a prisoner's sentence or a sentence-enhancing factor; rather, the nature of the *offense* for which the inmate had been convicted is the only relevant basis for decision. In spite of *Downey*, the BOP revoked Nelson's eligibility for the program based on a new rule it promulgated. The new rule categorically disqualifies prisoners who received a two-point sentencing enhancement under U.S.S.G. 2D1.1, and this was the basis for Nelson's revocation. (*See* Petition, ex. C.) This new rule stands in obvious contradiction to *Downey* and a subsequent decision of this court, *Gavis v. Crabtree*, 28 F.Supp.2d

1264 (D.Or.1998).[1] *Downey* was based on the language of the underlying statute, 18 U.S.C. § 3621(e)(2)(B), and not on BOP regulations. 100 F.3d at 668. *Downey* held that the operative word of § 3621(e)(2)(B) is "conviction." A decision not to allow early release may only be based on the nature of the conviction; sentencing enhancements, such as that received by Nelson, are irrelevant. *Id.* Absent an amendment of the statute by Congress, the BOP may not alter the Ninth Circuit's ruling. *See Neal v. United States,* 516 U.S. 284, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996) (an agency may not take a position that contradicts prior judicial interpretations of statutory language).

■ The BOP's decision also stands in contradiction to *Cort v. Crabtree,* 113 F.3d at 1085. In *Cort,* the Ninth Circuit held that a change notice "applies only to prisoners who had neither entered the substance abuse treatment program nor received favorable eligibility determinations as of the date of its issuance." *Id.* The habeas petitioners in *Cort* were serving sentences for unarmed robbery pursuant to 18 U.S.C. § 2113(a). Each petitioner had entered into a drug treatment program, and the BOP advised all but one of the petitioners that they were eligible for a § 3621(e)(2)(B) sentence reduction. Soon thereafter, the BOP issued Program Statement 5162.02, stating that § 2113(a) offenses may or may not render a prisoner ineligible for a sentence reduction, depending upon the characteristics of the offense as specified in the prisoner's presentence report. Subsequently, the BOP issued Change Notice–01 which amended Program Statement 5162.02 to categorize all bank robbery offenses as "crimes of violence." As a result of the amendment, the BOP re-evaluated the petitioners' eligibility statuses and informed them that they were no longer eligible for the sentence reduction. The Ninth Circuit held that the new rule could not be applied retroactive-ly; rather, it could be applied only to those prisoners who had neither entered the substance abuse treatment program nor received favorable eligibility determinations as of the date of its issuance. 113 F.3d at 1086–87. Accordingly, the BOP remained bound by its initial determination that the petitioners were statutorily eligible for sentence reductions under 18 U.S.C. § 3621(e)(2)(B). *Id.*

The present case falls squarely within the reasoning of *Cort.*[2] Nelson's eligibility decision rendered by the BOP did not purport to attach any condition to eligibility other than the successful completion of the program. As in *Cort,* it is clear that Nelson's eligibility determination was intended to be a final decision because the notification form used by the BOP also informed Nelson of his right to use the administrative remedy procedure to appeal the decision were he found to be ineligible. (*See* Petition, ex. B.)

While the BOP argues that its new rule is to be given controlling weight under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 840, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), *Chevron* did not involve retroactive application of a new regulation that violates the underlying statute for reasons already pronounced by the Ninth Circuit. As stated by the United States Supreme Court and reemphasized by the Ninth Circuit, "[e]lementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted." *Landgraf v. USI Film Products,* 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Cort,* 113 F.3d at 1084 (quoting *Landgraf* ).

As previously mentioned, the Ninth Circuit has explicitly held that a new rule can apply only to prisoners who had "neither

1. In *Gavis,* this court also ruled that the BOP's new rule considering an inmate's sentence in making an eligibility determination was an invalid attempt to overrule *Downey.*

2. In *Bowen,* 22 F.Supp.2d 1131 (D.Or.1998), this court also found a similar revocation of a petitioner's sentence-reduction eligibility was unlawful.

entered nor received favorable eligibility determinations as of the date of issuance." 113 F.3d at 1086. In this case Nelson had been given notice of favorable eligibility on October 8, 1997. (*See* Petition and ex. B.) The BOP acknowledges that the earliest arguable effective date of the new rule was October 9, 1997. (*See* Respondent's Answer at 7–8.) Consequently, the BOP's revocation was retroactive, and it was invalid.

**IT THEREFORE HEREBY IS ORDERED:**

1. Nelson's petition for a writ of habeas corpus, (doc. 1), is granted to the following extent: Nelson is entitled to a one-year sentence reduction if he successfully completes all three phase of his substance-abuse program.

2. The Bureau of Prison's request for a stay, (doc 6), is denied.