John SAMPLES, Petitioner,

v.

Joseph SCIBANA, Respondent.

No. 98–CV–75045–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 28, 1999.

Correctional Institution in Milan, Michigan ("FCI Milan"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from a determination by the Bureau of Prisons ("BOP") that he would not be eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) upon successful completion of a drug treatment program. Petitioner does not challenge his conviction or sentence in his petition. Respondent has filed an answer to the petition and petitioner has filed a reply to that answer. For the reasons stated below, the petition for a writ of habeas corpus shall be granted.

## Background

The facts in this case are not in dispute. On January 21, 1997, petitioner was sentenced to sixty months imprisonment, five years of supervised release, and was fined $1,000.00 after being convicted in the United States District Court for the Southern District of West Virginia of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Petitioner received a two-point enhancement at sentencing because police recovered a loaded .357 Magnum pistol while searching petitioner's residence during the course of his arrest. Petitioner's projected statutory release date is June 16, 2001.

While incarcerated at FCI Milan, petitioner requested that the BOP determine his eligibility for a sentence reduction of up to one year for participation in the BOP's Comprehensive Drug Abuse Treatment Program. Petitioner was informed that although he could participate in the program, he would be ineligible for a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because he received a two-point sentence enhancement under the Federal Sentencing Guidelines for possession of a firearm in connection with his drug conviction. After exhausting his administrative remedies, petitioner filed the

John Samples, Milan, MI, pro se.

Patricia Gaedeke, Asst. U.S. Atty., Detroit, MI, for Respondent.

## OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

DUGGAN, District Judge.

Petitioner John Samples, a federal prisoner currently incarcerated at the Federal

present petition for a writ of habeas corpus.

### Discussion

#### Jurisdiction

 This Court has jurisdiction to hear this petition. A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998); *United States v. Logan*, 22 F.Supp.2d 691, 693 (W.D.Mich. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the BOP's determination that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *Scroger v. Booker*, 39 F.Supp.2d 1296, 1299 (D.Kan.1999). The present habeas petition, filed after respondent's determination that petitioner was ineligible for a sentence reduction and petitioner's exhaustion of his administrative remedies, is ripe for consideration.[1] *Birth v. Crabtree*, 996 F.Supp. 1014, 1016 (D.Or. 1998).

#### Statutory and Administrative History

As part of the Violent Crime and Control Act of 1994 ("the Act"), Congress directed the BOP to make appropriate substance abuse treatment available for each prisoner that the BOP determines has a treatable condition of substance abuse or addiction. 18 U.S.C. § 3621(b). As an incentive for prisoner participation, Congress provided:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction

may not be more than one year from the term the prisoner must otherwise serve. 18 U.S.C. § 3621(e)(2)(B).

Although Congress defined several terms contained in this subsection, it did not define the term "convicted of a nonviolent offense." *Downey v. Crabtree*, 100 F.3d 662, 664 (9th Cir.1996). To implement the Act and to establish criteria for sentence reductions under § 3621(e)(2)(B), the BOP promulgated 28 C.F.R. § 550.58 on May 25, 1995, and issued Program Statement 5162.02 on July 24, 1995. 28 C.F.R. § 550.58 defined "prisoner convicted of nonviolent offense" to mean a prisoner whose "current offense" does not meet the definition of a "crime of violence" as set forth in 18 U.S.C. § 924(c)(3). 28 C.F.R. § 550.58 also laid out certain criteria under which the BOP would categorically refuse to grant early release. Program Statement 5162.02 divided criminal offenses into four categories for determining an inmate's eligibility for a sentence reduction under the statute:

> (1) criminal offenses that are crimes of violence in all cases;
>
> (2) criminal offenses that may be crimes of violence depending on the base offense level assigned [under the Federal Sentencing Guidelines];
>
> (3) criminal offenses that may be crimes of violence depending on the specific offense characteristic assigned; and
>
> (4) criminal offenses that may be crimes of violence depending on a variety of factors.

(Program Statement 5162.02). When a prisoner's sentence includes a two-point enhancement for possession of a firearm under § 2D1.1(b)(1) of the Federal Sentencing Guidelines, the BOP has ruled that such possession "automatically converts a predicate offense to a crime of violence." *Downey*, 100 F.3d at 663.

---

1. Petitioner is currently enrolled in a residential drug and alcohol treatment program, with a scheduled graduation date of May 2000.

A number of federal courts have rejected this categorical denial of early release for federal prisoners convicted of drug trafficking offenses whose sentences have been enhanced for firearm possession under the Federal Sentencing Guidelines. For example, in *Downey,* the United States Court of Appeals for the Ninth Circuit held that the BOP's categorical denial of early release to inmates convicted under 21 U.S.C. § 841(a) who receive a sentence enhancement for possession of a firearm conflicts with the statutory language "convicted of a nonviolent offense." *Downey,* 100 F.3d at 668. The Ninth Circuit ruled that the BOP may only look to the prisoner's offense of conviction to determine whether he or she has been convicted of a 'nonviolent offense' and may not take into account sentence enhancements. *Id.* at 668–70; *see also Davis v. Crabtree,* 109 F.3d 566, 569 (9th Cir.1997).

In *Fristoe v. Thompson,* 144 F.3d 627, 631 (10th Cir.1998), the Tenth Circuit held that reliance by the BOP on sentencing enhancements, in determining eligibility for a sentence reduction under § 3621(e)(2)(B), conflicts with the plain language of § 3621(e)(2)(B), which refers to prisoners "convicted of a nonviolent offense." The Tenth Circuit concluded that the statute does not permit resort to sentencing factors or sentence enhancements associated with a nonviolent offense. The eligibility criteria contained in § 3621(e)(2)(B) refer directly to the offense for which a prisoner is convicted. *Id.*

Other federal circuit courts have also rejected the BOP's interpretation of the statute. *See Byrd v. Hasty,* 142 F.3d 1395, 1397 (11th Cir.1998) (BOP could not rely on inmate's firearm sentence enhancement to deny application for sentence reduction under § 3621 because violations of 21 U.S.C. §§ 846 and 841(a)(1) are not crimes of violence and § 3621(e)(2)(B) addresses the act of conviction, not sentence enhancement); *Martin v. Gerlinski,* 133 F.3d 1076 (8th Cir.1998); *Bush v. Pitzer,* 133 F.3d 455 (7th Cir.1997); *Roussos v. Menifee,* 122 F.3d 159 (3d Cir.1997); *but see Pelissero v. Thompson,* 170 F.3d 442, 447 (4th Cir.1999) (finding that the 1995 BOP regulation and program statement constitute a reasonable interpretation of the statute); *Venegas v. Henman,* 126 F.3d 760, 763 (5th Cir.1997), *cert. denied,* 523 U.S. 1108, 118 S.Ct. 1679, 140 L.Ed.2d 817 (1998); *LaPlante v. Pontesso,* 961 F.Supp. 186, 189 (E.D.Mich.1997) (Rosen, J.) ("The Court acknowledges that violations of 21 U.S.C. § 841(a)(1) generally are not considered to be crimes of violence under 18 U.S.C. § 924. This Court, however, has chosen to take a case by case approach here by inquiring into the facts underlying petitioner's conviction."). *Id.* at 188 (citations omitted).

In October 1997, the BOP implemented a revised 28 C.F.R. § 550.58. The revised regulation abandoned incorporation of the "crime of violence" definition in 18 U.S.C. § 924(c)(3) and adopted new criteria for determining a prisoner's eligibility for early release due to participation in a drug treatment program. 28 C.F.R. § 550.58(a)(1)(vi)(B) indicates that a prisoner whose current offense is a felony involving "the carrying, possession or use of a firearm or other dangerous weapons or explosives" is not eligible for early release under § 3621(e)(2)(B). The BOP also issued Program Statement 5162.04, entitled "Categorization of Offenses," effective October 9, 1997. Section 2 of Program Statement 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 7 provides that BOP staff must look at factors, such as possession of a firearm, which subject a prisoner to sentence enhancement under § 2D1.1 and § 2D1.11 of the Federal Sentencing Guidelines. Section 7 reasons that this specific offense characteristic may "pose a serious potential risk that force may be used against persons or

property." *Id.* Section 7 further states that a prisoner convicted of manufacturing drugs under 18 U.S.C. § 841, who receives a two-level sentence enhancement for possession of a firearm, "has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits." *Id.*

*Application of the Revised Regulation and Program Statement*

In the present case, respondent excluded petitioner from consideration for early release due to petitioner's two-point sentence enhancement for possession of a firearm in connection with his drug conviction pursuant to the revised 28 C.F.R. § 550.58 and Program Statement 5162.04. Respondent's decision was upheld by the BOP's Regional Director and the Administrator of National Inmate Appeals.

■ As noted, 18 U.S.C. § 3621 does not define the term "nonviolent offense." This Court must therefore determine whether the BOP's interpretation of § 3621 is a permissible construction of the statute. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). The BOP's regulation and program statement concerning § 3621 are entitled to at least limited deference. *Orr v. Hawk,* 156 F.3d 651, 655 (6th Cir.1998), *modified by order denying reh'g,* 172 F.3d 411 (6th Cir.1999). A federal court, however, need not defer to an agency's interpretation of a statute when the agency's interpretation conflicts with the plain language of the statute. *National R.R. Passenger Corp. v. Boston & Maine Corp.,* 503 U.S. 407, 417, 112 S.Ct. 1394, 1401, 118 L.Ed.2d 52 (1992); *Chevron,* 467 U.S. at 844, 104 S.Ct. at 2782.

■ The United States Court of Appeals for the Sixth Circuit has not clearly ruled on the validity of the BOP's revised regulation and program statement interpreting 18 U.S.C. § 3621, as applied to sentence enhancements for firearm possession. In *Orr v. Hawk,* the Sixth Circuit addressed whether the BOP could deny a sentence reduction to a prisoner convicted of a drug trafficking offense and being a felon in possession of a firearm who had completed a drug treatment program in 1994. The Sixth Circuit concluded that the BOP "cannot reasonably refuse to consider those convicted as felons in possession [of a firearm] for early release under § 3621(e)(2)(B)." [2] *Orr,* 156 F.3d at 656; *see also Taylor v. Pontesso,* 182 F.3d 918, No. 98–1194, 1999 WL 455312, *1 (6th Cir. June 23, 1999) (remanding case for reconsideration in light of *Orr* where the petitioner, who had completed a drug treatment program in November 1997, was denied a sentence reduction based upon his convictions for cocaine distribution, possession of a firearm by a fugitive, and possession of ammunition by a fugitive). Because these cases appear to suggest that the BOP cannot deem a prisoner ineligible for early release solely based upon the prisoner's *conviction* for a nonviolent weapon possession offense, it follows that the BOP cannot categorically deny consideration to a prisoner solely because the sentence for his conviction for a non-violent offense was enhanced because of his possession of a firearm.[3]

Several federal district courts have held that the denial of early release to a prisoner under the new regulation and program statement based solely on a sentencing enhancement for firearm possession conflicts with the plain, unambiguous lan-

---

**2.** "[T]he BOP's exclusion of mere possessory offenders from consideration for early release is improper." *Orr,* 156 F.3d at 655.

**3.** A conviction requires proof beyond a reasonable doubt; a guideline enhancement only requires proof by a preponderance of evidence. While there is no doubt that proof by

a preponderance of evidence is, in the view of Congress, a "reliable" standard, (because it can result in additional imprisonment of a defendant), nevertheless, it is clear that there is a significant difference between a "conviction" and an "enhancement."

guage of the statute. *See, e.g., Williams v. Clark,* 52 F.Supp.2d 1145, 1151 (C.D.Cal. 1999) ("The language of Section 3621(e)(2)(B) has not been amended since *Downey* was decided and it remains plain and clear; the BOP may not use a sentence enhancement to conclude that a prisoner has not been convicted of a nonviolent offense."); *Kilpatrick v. Houston,* 36 F.Supp.2d 1328, 1330 (N.D.Fla.1999) (BOP regulation that automatically excludes from eligibility any prisoner whose offense "involved the carrying, possession, or use of a firearm" is invalid). *Guido v. Booker,* 37 F.Supp.2d 1289, 1300–1302 (D.Kan. 1999) ("This Court is compelled by the rationale in *Fristoe* to find that the BOP has improperly denied early release to petitioner under P.S. 5162.04 on the sole basis of sentence enhancements."); *Hicks v. Brooks,* 28 F.Supp.2d 1268, 1273 (D.Colo.1998) (holding that the revised regulation allows the BOP to categorically exclude prisoners who are convicted of nonviolent offenses based upon sentence enhancements in violation of the unambiguous statutory language); *Gavis v. Crabtree,* 28 F.Supp.2d 1264, 1267 (D.Or.1998) (finding that *Downey* and *Davis* still govern because determining eligibility is a matter of statutory construction and concluding that the BOP's new rule defining crimes of violence is inconsistent with those decisions).

Recently, the Sixth Circuit, and another federal judge in this District, ruled that the BOP's categorical denial of early release consideration to an inmate convicted under 21 U.S.C. § 841(a) who received a sentence enhancement for possession of a firearm conflicts with the plain language of 18 U.S.C. § 3621(e)(2)(B). *See Braxton v. Dove,* 182 F.3d 916, No. 98–5035, 1999 WL 430584, *1–2 (6th Cir. June 17, 1999); *Taylor v. Pontesso,* 182 F.3d 918, No. 98–1194, 1999 WL 455312 (6th Cir. June 23, 1999) ("Possession of firearm offenses, such as those defined in § 922(g), do not constitute crimes of violence which would prohibit individuals charged with such offenses from being eligible for a sentence reduc-tion of up to one year upon completion of a drug abuse treatment program."); *Todd v. Scibana,* 70 F.Supp.2d 779, (E.D.Mich. 1999) (Edmunds, J.); *but cf. Bellis v. Davis,* 186 F.3d 1092 (8th Cir.1999).

■ This Court agrees that the BOP does not have discretion to impose additional eligibility requirements for early release upon completion of a drug treatment program that conflict with the plain language of the statute. *Guido,* 37 F.Supp.2d at 1302–1304. Congress' express intent in passing § 3621(e)(2)(B) was that drug traffickers, regardless of sentencing factors, would be eligible for the one-year reduction upon successful completion of a drug treatment program. *Gavis,* 28 F.Supp.2d at 1267. The operative word for determining eligibility under § 3621(e)(2)(B) is "convicted." "The statute ... speaks only in terms of conviction.... Although [petitioner] received a sentencing enhancement under § 2D1.1(b)(1) of the Sentencing Guidelines, '[s]ection 3621(e)(2)(B) addresses the act of convicting, not sentencing or sentence-enhancement factors.'" *Byrd,* 142 F.3d at 1398 (quoting *Downey,* 100 F.3d at 668).

In using the phrase "convicted of a nonviolent offense," Congress incorporated the statutory elements necessary for conviction of the charged offense, not conduct unnecessary for conviction, as a condition of eligibility. The revised regulation and program statement allow the BOP to categorically exclude inmates based on sentencing factors without regard to the underlying conviction—contrary to the plain language of the statute.

■ This Court further agrees with other district courts that the amendments to both 28 C.F.R. § 550.58(a)(1) and Program Statement 5162.04 are an attempt by the BOP to disregard the line of federal circuit court cases that held that the BOP could not use a sentence enhancement to conclude that a prisoner had not been convicted of a nonviolent offense. The BOP's new rules violate well-established princi-

ples of *stare decisis* and administrative law that prohibit agency rules that conflict with judicial interpretations of the relevant statute. An agency cannot alter the statutory construction of federal courts. *Gavis,* 28 F.Supp.2d at 1267 (citing *Neal v. United States,* 516 U.S. 284, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996)). Review of the amended regulation and program statement "clearly demonstrates that BOP is attempting to circumvent the Ninth Circuit's decision in Downey and decisions in related cases." *Williams,* 52 F.Supp.2d at 1150. Like the earlier Program Statement 5162.02, Section 7 of Program Statement 5162.04 runs counter to the rationale of decisions like *Fristoe. Ward v. Booker,* 38 F.Supp.2d 1258, 1269 (D.Kan.1999); *accord Kilpatrick,* 36 F.Supp.2d at 1330 (indicating that approval of the BOP's revised regulation would render the Eleventh Circuit's holding in *Byrd v. Hasty* a "trivial criticism of the Bureau's drafting technique rather than a substantive ruling on the meaning of the statute and the scope of the Bureau's authority thereunder").

██ The BOP cannot categorically exclude from consideration for early release under § 3621(e)(B)(2) prisoners like petitioner who were convicted of a nonviolent drug trafficking offense and received a two-point sentence enhancement under the Federal Sentencing Guidelines for possession of a firearm.

### Conclusion

██ Based upon the foregoing, the Court concludes that 28 C.F.R. § 550.58(a)(1)(vi)(B) and Program Statement 5162.04 conflict with 18 U.S.C. § 3621(e)(2)(B) and are invalid to the extent that they consider sentence enhancement factors in determining whether a prisoner has been convicted of a nonviolent offense. This Court therefore shall grant the petition for a writ of habeas corpus.

In so ruling, the Court recognizes that the discretion granted to the Bureau of Prisons by the statute's language is otherwise quite broad. The BOP has broad discretion to administer drug treatment programs within the federal corrections system, including determining prisoner eligibility for participation in those programs. Decisions regarding whether to grant or deny an eligible prisoner a sentence reduction under § 3621(e) remain within the BOP's discretion. While early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute vests the BOP with broad discretion to grant or deny sentence reductions to eligible prisoners. *Guido,* 37 F.Supp.2d at 1302.

██ This Court does not have the authority to grant release under 18 U.S.C. § 3621(e)(2)(B). *Id.* at 1304; *Scroger,* 39 F.Supp.2d at 1311. Instead, this matter must be referred to the BOP for reconsideration in accordance with this Opinion. Respondent must determine whether petitioner is eligible for early release under § 3621(e)(2)(B) within its discretion. *Roussos,* 122 F.3d at 164. Respondent may not deny eligibility for sentence reduction to petitioner solely on the basis of sentence enhancements. Respondent must reconsider petitioner's application for eligibility for early release and file a written report with this Court as to the outcome of that reconsideration. Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is **GRANTED,** and

**IT IS FURTHER ORDERED** that respondent reconsider petitioner's request for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), without regard to petitioner's sentence enhancement, by **November 29, 1999,** and file a status report informing the Court of what action has been taken to comply with this Order no later than **December 15, 1999,** and

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction over this matter to ensure that petitioner's eligibility for

sentence reduction is promptly and appropriately reconsidered.