Robert Eugene WILLIAMS, Petitioner,

v.

Dick CLARK, Warden, Respondent.

No. CV98–7610–RC.

United States District Court,
C.D. California.

May 21, 1999.

Robert Eugene Williams, San Pedro, CA, pro se.

Lucy Koh, Asst. U.S. Atty., Los Angeles, CA, for respondent.

## MEMORANDUM DECISION AND ORDER

CHAPMAN, United States Magistrate Judge.

On September 21, 1998, petitioner Robert Eugene Williams, a federal prisoner incarcerated by the Bureau of Prisons ("BOP") at the Federal Correctional Institute ("FCI") Terminal Island, filed a Petition for Habeas Corpus, with supporting memorandum of points and authorities and exhibits, challenging BOP's determination that he is not eligible for early release under 18 U.S.C. § 3621(e)(2)(B) if he successfully completes a drug abuse treatment program. The petitioner does not challenge his criminal conviction or sentence. On December 7, 1998, respondent filed his Return. On February 3, 1999, petitioner filed his Traverse. The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

On March 27, 1997, in the United States District Court for the District of Colorado, petitioner pleaded guilty to, and was convicted of, one count of possession with intent to distribute cocaine base, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2. Return, Exh. A, at 28–29, Exh. B at 33–48. On June 25, 1997, the court increased petitioner's offense level by two levels under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1) "since three firearms were possessed in conjunction with th[e] offense," and sentenced petitioner to sixty months, plus five years supervised release. Return, Exh. A at 28–31, Exh. B at 38. The petitioner's projected date of release is April 26, 2001. Return, Exh. I at 96.

On November 19, 1997, while imprisoned at FCI Terminal Island, petitioner voluntarily agreed to participate in a residential drug abuse treatment program ("RDAP").[1] Return, Exh. E at 69–71. On November 24, 1997, petitioner entered RDAP.[2] Return, Exh. F at 73. On August 14, 1998,

---

1. The petitioner agreed to participate in the program despite BOP having erroneously advised him that he was not eligible to participate in an early release program because he was convicted of a crime of violence within the meaning of 18 U.S.C. § 924(c). Return, Exh. D at 67–68.

2. On January 8, 1998, the RDAP Coordinator notified FCI Terminal Island that petitioner was eligible to participate in the early release program under 18 U.S.C. § 3621(e); however, on February 17, 1998, the RDAP Coordinator notified FCI Terminal Island that its earlier determination was in error and that petitioner was not eligible for the early release program, and requested that the records be corrected. Return, Exh. K at 134, Exh. L at 135.

On or about January 28, 1998, petitioner filed an administrative request that he be found eligible for early release under 18 U.S.C. § 3621(e)(2)(B). Petitioner's Memorandum ("Memo."), Exh. A. On March 9, 1998, FCI Terminal Island's Warden denied the request, citing BOP Program Statement 5162.04, which "specifically lists 21 U.S.C. § 841 as an offense that has been identified at

petitioner completed the 500 hours of RDAP and commenced transitional services programming.[3] Return, Exh. F at 73; Memo., Exh. D.

## DISCUSSION

### I

On September 13, 1994, Congress passed the Violent Crime Control and Law Enforcement Act of 1994 ("Act"), which, *inter alia,* directed BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for a prisoner to participate in substance abuse treatment while in custody, Congress provided that "[t]he period a prisoner **convicted of a nonviolent offense** remains in custody after successfully completing a treatment program **may** be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). As the Ninth Circuit has noted:

> The express purpose of [18 U.S.C.] § 3621(e) is to provide prisoners with an "incentive" to enter and complete a substance abuse treatment program, and it does so in the case of nonviolent offenders by offering them a sentence reduction of up to one year, at the discretion of the Bureau of Prisons. While some

prisoners may be willing to enroll, and even to complete treatment, simply on the basis of a reasonable expectation that they will be found eligible, or even simply because they desire to cure themselves of drug addiction, prisoners who know prior to enrollment that they are eligible to receive a shorter sentence are likelier to enroll, and those who are found during the course of the program to be eligible for early release are likelier to complete the program. Thus, the Bureau's ability to render final eligibility decisions that are subject to completion of the drug treatment program enables it to make more effective use of the program.

*Cort v. Crabtree,* 113 F.3d 1081, 1085 (9th Cir.1997).

Congress defined several terms in Section 3621(e)(2)(B), but it did not define the term "convicted of a nonviolent offense." *Downey v. Crabtree,* 100 F.3d 662, 664 (9th Cir.1996); *Byrd v. Hasty,* 142 F.3d 1395, 1396 (11th Cir.1998). Thus, to implement the Act and to establish the specific criteria for sentence reductions under 18 U.S.C. § 3621(e)(2)(B), the BOP, promulgated 28 C.F.R. § 550.58 on May 25, 1995, and issued Program Statement 5162.02 on July 24, 1995. As the federal courts have noted:

> [28 C.F.R. § 550.58] did two things: (1) as a matter of statutory interpretation, it defined "prisoner convicted of a

the [BOP] Director's discretion as one which will preclude an inmate from program benefits such as early release." *Id.* The petitioner appealed the Warden's decision to the BOP Regional Director, Peter M. Carlson, who, on March 30, 1998, denied the appeal, also citing BOP Program Statement 5162.04 and noting that the "cited policy became effective prior to your participation in [RDAP]...." Memo., Exh. B. The petitioner then twice appealed the decision to the BOP's Central Office; however, each appeal was rejected as untimely. Memo., Exh. C.

The respondent does not assert that petitioner has failed to exhaust his administrative remedies and, in any event, since petitioner's request for an administrative remedy was denied pursuant to official BOP policy—Pro-

gram Statement 5162.04—"and because any subsequent administrative reviews certainly would have been denied under the same official policy, the further exhaustion of administrative remedies would have been futile." *Camper v. Benov,* 966 F.Supp. 951, 954 (C.D.Cal.1997).

3. Under BOP regulations, the drug abuse treatment program requires "a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six to twelve-month period. Inmates [also] ... shall be required to complete subsequent transitional services programming...." 28 C.F.R. § 550.56.

nonviolent offense" in [18 U.S.C.] § 3621(e)(2)—the type of prisoner the BOP is not forbidden to release early— to mean a prisoner whose "current offense" does not meet the definition of "crime of violence" in 18 U.S.C. § 924(c)(3). Second, it laid out certain criteria under which the BOP would categorically refuse to exercise its discretion to grant early release.

*Guido v. Booker,* 37 F.Supp.2d 1289, 1293 (D.Kan.1999) (citations omitted); *LaSorsa v. Spears,* 2 F.Supp.2d 550, 557 (S.D.N.Y. 1998). To further interpret the term "crime of violence" from 18 U.S.C. § 924(c)(3), Program Statement 5162.02 divided criminal offenses into four categories: (1) criminal offenses that are crimes of violence in all cases; (2) criminal offenses that may be crimes of violence depending on the base offense level assigned; (3) criminal offenses that may be crimes of violence depending on the specific offense characteristic assigned; and (4) criminal offenses that may be crimes of violence depending on a variety of factors. *Guido,* 37 F.Supp.2d at 1293–94; *LaSorsa,* 2 F.Supp.2d at 558. "For categories 2 and

3, BOP personnel were instructed to examine the sentence imposed by the court and whether under the sentencing guidelines the court had found the offense involved violence." *LaSorsa,* 2 F.Supp.2d at 558.[4] When the prisoner's sentence included an enhancement for the possession of a firearm, the BOP "categorically rule[d]" that such possession "automatically converts a predicate offense to a crime of violence." *Downey,* 100 F.3d at 663.[5]

The Ninth Circuit, in Downey, held that BOP's categorical denial, under 28 C.F.R. § 550.58 and BOP Program Statement 5162.02, of early release credit for inmates convicted under 21 U.S.C. § 841(a), who also received a sentence enhancement for the possession of a firearm, conflicted with the term "convicted of a nonviolent offense" in Section 3621(e)(2)(B). *Downey,* 100 F.3d at 668. Instead, "Downey held that the BOP may only look to the inmate's offense of conviction when considering whether an inmate has been convicted of a 'nonviolent offense,' and may not take into account sentencing enhancers."[6] *Davis v. Crabtree,* 109 F.3d 566, 569 (9th Cir.1997);[7] *Downey,* 100 F.3d at 668–70.

---

**4.** The petitioner's conviction, for violating 21 U.S.C. § 841, fell into category three. *Guido,* 37 F.Supp.2d at 1294; *LaSorsa,* 2 F.Supp.2d at 558.

**5.** This categorical rule was made explicit in Change Notice 01, issued on April 23, 1996, which modified Program Statement 5162.02 to add the following example to category 3 crimes:

> Example: Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1 .11) the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic," e.g., if a dangerous weapon was possessed during commission of the offense, the court would increase the defendant's base offense level by 2 levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a substantial risk that force may be used against persons or property. Accordingly, a defendant who has received a conviction for manufacturing drugs, (21 U.S.C. § 841) and receives a two level enhance-

ment for possession of a firearm has been convicted of a "crime of violence."

CN–01, PS 5162.02 (quoted in *LaSorsa,* 2 F.Supp.2d at 558).

**6.** A majority of the circuit courts to have considered the issue have agreed with the Ninth Circuit and held that BOP may not consider sentence enhancements in determining whether a prisoner is eligible for early release under Section 3621(e)(2)(B). *See, i.e., Fristoe v. Thompson,* 144 F.3d 627, 631 (10th Cir.1998); *Byrd,* 142 F.3d at 1397–1398; *Martin v. Gerlinski,* 133 F.3d 1076, 1079–1080 (8th Cir.1998); *Bush v. Pitzer,* 133 F.3d 455, 457 (7th Cir.1997); *Roussos v. Menifee,* 122 F.3d 159, 162–164 (3d Cir.1997); *but see Pelissero v. Thompson,* 170 F.3d 442 (4th Cir. 1999); *Venegas v. Henman,* 126 F.3d 760 (5th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1679, 140 L.Ed.2d 817 (1998).

**7.** The Ninth Circuit, in Davis, held that BOP's categorical denial, under 28 C.F.R. § 550.58 and BOP Program Statement 5162.02, of early release credit for inmates convicted of being a felon in possession of a firearm conflicted with the term "convicted of a nonviolent

The BOP, in response to the decisions in Downey, Davis and related cases, promulgated amendments to 28 C.F.R. § 550.58, which provided in relevant part:

> *Additional early release criteria.* (1) **As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons,** the following categories of inmates are not eligible for early release:
> (i) INS detainees;
> (ii) Pretrial inmates;
> (iii) Contractual boarders ...;
> (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery or aggravated assault, or child sexual abuse offenses;
> (v) Inmates who are not eligible for participation in a community based program ...; [and]
> (vi) Inmates whose current offense is a felony:
> (A) That has as an element, the actual, attempted or threatened use of physical force against the person or property of another, or
> (B) **That involved the carrying, possession or use of a firearm or other dangerous weapons or explosives ...,** or
> (C) That by its nature of conduct, presents a serious potential risk of physical force against the person or property of another, or
> (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58(a)(1) (October 15, 1997) (emphasis added). To assist BOP staff in understanding the amendments to Section 550.58, BOP issued Program Statement 5162.04, *"Categorization of Offenses,"* effective October 9, 1997. Return, Exh. H at 76–94. Section 2 of Program Statement 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is *either* a crime of violence *or* an offense identified at the discretion of the Director of the Bureau of Prisons." *Id.* at 76 (emphasis added). Section 5 provides:

> The offenses contained in these titles that may be crimes of violence are listed in Section 6.[8] **Section 7 lists offenses that are not categorized as crimes of violence, but would nevertheless preclude an inmate's receiving certain Bureau program benefits at the Director's discretion.** [¶] ... [A]n inmate may be denied the benefits of [early release under 18 U.S.C. § 3621(e)(2)(B) ] if he or she was convicted of an offense listed in *either* Section 6 or 7. When an inmate may be denied a program benefit under *either* Section 6 or 7, staff must carefully explain the basis for the denial. **For example, if an inmate is convicted of an offense listed in Section 7, the inmate should be denied a program benefit because he or she committed an offense identified at the Director's discretion, rather than a crime of violence.**

*Id.* at 77 (emphasis added). Section 7 similarly provides:

> [A]n inmate may be denied program benefits if he or she was convicted of an offense listed in *either* this section or Section 6. If an inmate is denied the benefit of such a program, staff must carefully describe the basis for the denial. **For example, if an inmate is convicted of an offense listed in this section, the inmate shall be denied a program benefit because he or she committed an offense identified at the Director's discretion, rather than a crime of violence.** [¶] As an exercise of the discretion vested in the Director, an inmate serving a sentence for an offense that falls under the provisions described below shall be precluded from receiving certain Bureau program benefits. [¶] Inmates whose current offense is a felony that ... involved the carrying, possession, or use of a firearm

---

offense" in Section 3621(e)(2)(B). *Davis,* 109 F.3d at 569–70.

8. Section 6, which lists the offenses BOP considers to be crimes of violence, does not list 21 U.S.C. § 841(a) or (b). *Id.* at 78–83.

or other dangerous weapon or explosives....

*Id.* at 83–84. Section 7 further provides that BOP staff must look at sentence enhancement factors, such as the possession of a firearm, in determining a prisoner's eligibility for early release, and gives the following example:

> *Example:* Section 841 of Title 21, United States Code[,] makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines for § 2D1.1, ... the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that **will preclude** the inmate from receiving certain Bureau program benefits[, including early release].

*Id.* at 86–87 (emphasis added). Section 7 goes on to list 21 U.S.C. § 841 as an "offense[ ] for which there could be a Specific Characteristic enhancement...." [9] *Id.* at 88.

9. Program Statement 5162.04 lists 21 U.S.C. § 841(e), which involves boobytraps on federal property, as a crime of violence in all cases, and specifically excludes it from the list of offenses for which there could be a Specific Characteristic enhancement. *Id.* at 81, 89.

10. "Bureau Program Statements are entitled to less deference than published regulations

## II

The issue before this Court is exactly the same issue that has been presented to the Ninth Circuit on several occasions over the last few years: "[T]he question here is whether the [BOP] is required to consider [petitioner's] request[ ] for early release. A prisoner's right to consideration for early release is a valuable one that [the courts] have not hesitated to protect." *Cort,* 113 F.3d at 1085.

■ Careful review in their historical perspective of the amendments to 28 C.F.R. § 550.58(a)(1) and BOP Program Statement 5162.04 [10] clearly demonstrates that BOP is attempting to circumvent the Ninth Circuit's decision in Downey and decisions in related cases. In fact, the combined effect of 28 C.F.R. § 550.58(a)(1)(vi)(B) and BOP Program Statement 5162.04 is to **categorically deny** eligibility for the early release program to inmates, like petitioner, who have received a firearms sentence enhancement to their drug-trafficking convictions, albeit characterizing said denials as the exercise of BOP discretion.

The Ninth Circuit, in Downey, interpreted 18 U.S.C. § 3621(e)(2)(B), finding that the intent of Congress in granting eligibility for early release to inmates such as petitioner is clear:

> The relevant statute speaks clearly and unambiguously. The operative word of § 3621(e)(2)(B) is "convicted." [The prisoner] was convicted of a drug-trafficking offense [violation of 21 U.S.C. § 841(a)(1) ], which is **not** a crime of violence. Section 3621(e)(2)(B) addresses the act of convicting, not sentencing or sentence-enhancement factors. The

because they are not promulgated subject to the rigors of the Administrative Procedural Act, including public notice and comment, are 'merely internal guidelines [that] may be altered by the Bureau at will.' " *Jacks v. Crabtree,* 114 F.3d 983, 985 n. 1 (9th Cir. 1997) (citation omitted); *Downey,* 100 F.3d at 666.

[BOP] erred by conflating the guilt-determination (conviction) and sentencing processes.

*Downey,* 100 F.3d at 668 (emphasis added).

 "If the intent of Congress [in enacting a statute] is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). The language of Section 3621(e)(2)(B) has not been amended since Downey was decided and it remains plain and clear; the BOP may not use a sentence enhancement to conclude that a prisoner has not been convicted of a nonviolent offense. *Downey,* 100 F.3d at 668. Therefore, there is no reason to resort to BOP's interpretations of the Act, especially when those interpretations conflict with the plain meaning of the Act.[11] *Downey,* 100 F.3d at 666–668; *see also McLean v. Crabtree,* 173 F.3d 1176, 1181 (9th Cir. 1999) ("When ... an agency's interpretation of a statute is in conflict with the plain language of the statute, [the court] will not defer to that interpretation.").

This Court's decision is bolstered by *Gavis v. Crabtree,* 28 F .Supp.2d 1264 (D.Or.1998), a case similar to the pending matter, in which the district court held that BOP's amendments to 28 C.F.R. § 550.58 and Program Statement 5162.04

are "invalid to the extent they purport to disqualify prisoners with possessory offenses or prisoners who have received ,a two-point sentencing enhancement." *Id.* at 1267. In so holding, the district court opined that "[t]he inescapable result of this new program statement [5162.04] is that it reverses governing case law by looking to the underlying facts to exclude prisoners in the Downey ... class[ ] from early release consideration." *Id.* at 1266. Moreover, since "[t]he definition of 'a prisoner convicted of a nonviolent offense' for the purpose of [S]ection 3621(e) eligibility is ... a question of statutory construction, ... the principle[ ] and holding[ ] of Downey ... must still govern." *Id.* Thus, "[b]ased on the ample Ninth Circuit case law on point, this court rules, that under the circumstances at bar, the determination as to whether a prisoner's current offense is nonviolent for purposes of Section 3621(e) eligibility is a matter of statutory construction and not an exercise of discretion in the BOP's hands. And, since the statute's construction has already been made based on the agency's prior regulation.at issue, the new and inconsistent rule defining crimes of violence is invalid." *Id.* at 1267; *See also Guido,* 37 F.Supp.2d at 1302 ("[T]he decision to deny petitioner early release based solely on sentencing enhancements [as required by revised 28 C.F.R. § 550.58 and BOP Program Statement 5162.04] is still a violation of the plain language of 18 U.S.C. § 3621(e)(2)(B).");[12] *Kilpatrick v. Hous-*

---

**11.** "[T]he [BOP's] endowment of broad discretion does not immunize its decisions from judicial review, especially concerning questions of statutory interpretation." *Downey,* 100 F.3d at 666. As Judge Rogers has stated:

[T]he specific revisions to [28 C.F.R.] section 550.58, ... are not shown to have enlarged the BOP's discretion regarding sentence enhancements.... [¶] Likewise, the provisions of the new program statement [5162.04] ... are not significantly different from [Program Statement] 5162.02. [Program Statement] 5162.04 contains substantially the same paragraph and example specifying that a two-level sentencing enhancement for possession of a firearm attached to a conviction under 21 U.S.C.

§ 841 requires a denial of early release. Changing the title of the program statement from "Definition of Term, Crimes of Violence" to "Categorization of Offenses" did not correct the statutory misinterpretation.... Nor did excluding drug trafficking offenses with enhancements as "an exercise of the discretion vested in the Director," rather than "crimes of violence."

*Guido,* 37 F.Supp.2d at 1301–02.

**12.** In addition to Guido, which was decided on February 18, 1999, Judge Rogers issued two earlier opinions, *Ward v. Booker,* 38 F.Supp.2d 1258 (D.Kan.1999) and *Scroger v. Booker,* 39 F.Supp.2d 1296 (D.Kan.1999) which reach the same conclusion. *Ward,* 38

*ton,* 36 F.Supp.2d 1328, 1330 (N.D.Fla. 1999) (holding that BOP exceeded its authority in revising 28 C.F.R. § 550.58 and categorically excluding inmates convicted of a nonviolent offense with a sentence enhancement for possession of a firearm from eligibility for early release under 18 U.S.C. § 3621(e)(2)(B)); *Hicks v. Brooks,* 28 F.Supp.2d 1268, 1273 (D.Col.1998) (holding that "[t]he revised 28 C.F.R. § 550.58 allows BOP officials to exclude categorically from consideration for sentence reduction inmates ... who are convicted of nonviolent offenses based upon sentence enhancements. This violates the unambiguous[ ] statutory language of 18 U.S.C. § 3621(e)(2)(B). Therefore, ... the BOP has exceeded its authority by interpreting § 3621(e)(2)(B) in a manner inconsistent with the plain language of the statute by categorically excluding inmates from the consideration for sentence reductions based upon sentencing factors.").

This Court finds that 28 C.F.R. § 550.58(a)(1)(vi)(B) and BOP Program Statement 5162.04 conflict with 18 U.S.C. § 3621(e)(2)(B) and are invalid to the extent that they consider sentence enhancement factors in determining whether a prisoner has been "convicted of a nonviolent offense." Thus, the petitioner's application for a writ of habeas corpus should be granted, and he should be deemed eligible for early release under 18 U.S.C. § 3621(e)(2)(B) when he successfully completes RDAP; however, the BOP "must now decide, within its discretion, whether to grant the reduction." *Cort,* 113 F.3d at 1087; *See also Downey,* 100 F.3d at 670 (noting that "Section 3621(e)(2)(B) ... reflects unequivocal congressional intent to leave to the [BOP] final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program.").

F.Supp.2d 1258, 1269–70; *Scroger,* 39

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered granting petitioner's application for a writ of habeas corpus and deeming petitioner eligible for early release under 18 U.S.C. § 3621(e)(2)(B) upon his successful completion of the drug abuse treatment program.