**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

KENNETH JONES,

     Petitioner-Appellee,

v.

A.M. FLOWERS,

     Respondent-Appellant.

No. 99-6366
(W.D. Okla.)
(D.Ct. No. CIV-98-1707-A)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

     Appellant, the United States, brings this appeal on behalf of A.M. Flowers,

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Director of the United States Bureau of Prisons (Bureau), for the purpose of appealing the district court's decision directing the Bureau to reconsider Appellee Kenneth Jones' eligibility for early release based on his successful completion of a drug treatment program.[1]  We affirm.

Mr. Jones is presently serving a 235-month sentence following his April 16, 1997 conviction for possession with intent to distribute and distribution of cocaine.  At sentencing, Mr. Jones received a two-level sentence enhancement under United States Sentencing Guideline § 2D1.1(b)(1) because he possessed a firearm during the course of the charged drug transaction.  While incarcerated, Mr. Jones successfully completed a residential drug treatment program, and requested a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B).  This provision allows the Bureau to reduce an inmate's sentence for a conviction of a nonviolent offense if the inmate successfully completes a drug treatment program.  However, the Bureau found Mr. Jones categorically ineligible for early release based on his two-point sentence enhancement for use of a weapon.

---

[1] As a preliminary matter, we deny the United States' motion to consolidate this appeal with an appeal brought by Mr. Jones, purportedly concerning the same district court decision.  *See* Case No. 00-6002, Motion to Consolidate dated February 23, 2000. We further acknowledge receipt of Mr. Jones' "Memorandum of Law" and motion to dismiss in the instant case.  In light of our disposition of this appeal, we deny Mr. Jones' motion to dismiss.

Mr. Jones filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, contesting the Bureau's decision as contrary to the plain language of 18 U.S.C. § 3621(e)(2)(B). The district court referred the matter to a magistrate judge who issued a Report and Recommendation, recommending Mr. Jones' petition be granted, in part, and the Bureau be directed to reconsider Mr. Jones' early release eligibility. In so holding, the magistrate judge noted that this court, in *Fristoe v. Thompson,* 144 F.3d at 627 (10th Cir. 1998), invalidated a previous Bureau policy which held that inmates with sentences increased by a firearm enhancement could not qualify for early release. *See Fristoe*, 144 F.3d at 631-32. The magistrate judge found the Bureau's revised policy, as applied to Mr. Jones, had essentially the same effect as the prior invalidated policy because it also categorically precluded him and other inmates from early release based on their firearm sentencing enhancement, albeit this time through the guise of the Bureau Director's discretion.[2] The district court adopted the Report and

---

[2] The new policy provision states:

(1) As an exercise of the discretion vested in the Director ... the following categories of inmates are not eligible for early release:

....

(vi) Inmates whose current offense is a felony:

....

Recommendation, and directed the Bureau to reconsider Mr. Jones' eligibility for early release.

The Bureau appeals the district court's decision, claiming its revised policy is based purely on the Bureau Director's discretion to determine whether certain offenses may be considered for early release, and not on any improper statutory construction. We disagree.

Because this issue involves a purely legal question, we review the district court's decision *de novo*. *Ward v. Booker*, 202 F.3d 1249, 1254, (10th Cir. 2000). Our determination of the legal issue presented here is easily resolved. In *Ward*, we held the Bureau's revised policy, at issue here, conflicts with the clear language of § 3621(e)(2)(B), and the Bureau's attempt to couch it as merely an exercise of discretion did not make it any less contrary to the statute. *Id.* at 1255. Our reasoning for invalidating the Bureau's revised policy is set forth in *Ward*, and for judicial economy, we will not repeat it here. *Id.* In reaching our conclusion in *Ward*, we nevertheless continue our recognition of the Bureau's

---

       (B) That involved the carrying, possession, or use of a firearm or other
       dangerous weapon or explosives ....

28 C.F.R. § 550.58.

broad discretion to determine who among eligible prisoners may receive a sentence reduction following participation in a substance abuse treatment program. *Id.* at 1257. Thus, given our holding in *Ward*, we agree with the district court's directive requiring the Bureau to reconsider Mr. Jones' eligibility for early release and therefore **AFFIRM** the district court's order.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge