**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERT JOHN CLARK, III,

      Petitioner-Appellee,

v.

L. E. FLEMING,

      Respondent-Appellant.

No. 00-6003
(W. District of Oklahoma)
(D.C. No. 99-CV-609-T)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Appellant-respondent L.E. Fleming, warden of the Federal Correctional Institution at El Reno, Oklahoma, appeals a decision of the district court

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conditionally granting Albert Clark's 28 U.S.C. § 2241 petition. In particular, the district court directed the Bureau of Prisons ("BOP") to reconsider Clark's eligibility for release based on his completion of a drug treatment program. In so doing, the district court held that a BOP regulation categorically denying early release under 18 U.S.C. § 3621(e)(2)(B) when the inmate's sentence included a firearm enhancement was inconsistent with the plain language of § 3621(e)(2)(B).

On appeal, Fleming asserts that the district court erred in concluding that the BOP regulation in question is inconsistent with § 361(e)(2)(B). This court recently rejected the exact arguments advanced by Fleming on appeal. *See Ward v. Booker*, 202 F.3d 1249 (10th Cir. 2000). In his brief, Fleming recognizes this court's decision in *Booker* "is directly on point with this case," and asks this panel to "hold this case pending the resolution of [an] *en banc* suggestion and the issuance of the mandate" in *Booker*. This court entered an order denying the petition for rehearing in *Booker* on April 4, 2000, and the mandate issued in that case on April 12, 2000. *Booker* is binding on this panel and, as appropriately noted by Fleming, directly controls the disposition of this appeal.

The order of the district court conditionally granting Clark's § 2241 petition is hereby **AFFIRMED**.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge