**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JAN 25 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| CHARLES SEACREST, | |
| Petitioner-Appellant, | No. 01-1289 |
| v. | (D.C. No. 01-M-328) |
| E. J. GALLEGOS, | (D. Colo.) |
| Respondent-Appellee. | |

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se federal prisoner 28 U.S.C. § 2241 appeal. On April 23, 1999, Mr. Seacrest was found guilty of violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute methamphetamine. Mr. Seacrest received a two-

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

point enhancement under the United States Sentencing Guidelines for possession of a firearm and was sentenced to sixty months' imprisonment. While in prison, Mr. Seacrest entered a Residential Drug Abuse Program. Initially, the Bureau of Prisons [BOP] determined that Mr. Seacrest was ineligible for early release consideration because of the two-point enhancement for possession of a firearm. After the Tenth Circuit decided Ward v. Booker, 202 F.3d 1249 (10th Cir. 2000), his status was *provisionally* changed to be eligible for early release consideration. Mr. Seacrest signed a form acknowledging that his status change was provisional.

On January 10, 2001, the Supreme Court decided that the "Bureau may categorically exclude prisoners based on their preconviction conduct." Lopez v. Davis, 531 U.S. 230, 244 (2001). Specifically, the BOP has discretionary authority to deny inmates with a two-point weapons enhancement the one-year sentence reduction after successfully completing RDAP. On January 16, 2001, Ward was vacated and remanded to the Tenth Circuit for further consideration in light of Lopez. On January 29, 2001, pursuant to the Supreme Court's decision in Lopez, Mr. Seacrest was advised that he was ineligible for early release due to his two-point weapons enhancement.

Mr. Seacrest petitioned the district court for a writ of habeas corpus on February 23, 2001. The district court denied his petition and granted Respondent's motion to dismiss. Mr. Seacrest appeals to this court and argues

that the BOP breached a contract with him and violated his constitutional rights under the Ex Post Facto Clause when the BOP refused to release Mr. Seacrest after his completion of the RDAP.[1]

The BOP did not breach a contract with Mr. Seacrest.  Mr. Seacrest's eligibility status was provisional.  We find that no contractual relationship existed.  See, e.g., Royal v. Tombone, 141 F.3d 596, 603-604 (5th Cir. 1998).  Additionally, the BOP did not violate the Ex Post Facto Clause because the decision did not affect the legal definition of the crime Mr. Seacrest committed or increase his punishment.  See California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995).

In light of the Lopez decision and after a careful review of the briefs and the record, we **AFFIRM** the dismissal of Mr. Seacrest's motion.

Appellant's motion to proceed in forma pauperis on appeal is **GRANTED**.

Entered for the Court:


Monroe G. McKay
Circuit Judge

---

[1] Mr. Seacrest's third argument concerning exhaustion of administrative remedies is waived because he did not raise it at the district court level.  See United States v. Chavez-Marquez, 66 F.3d 259, 261 (10th Cir. 1995).  Additionally, we find no plain error resulting in manifest injustice.  See id.