**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CAMERON HERR,

        Petitioner-Appellant,

v.

HECTOR A. RIOS (Warden),

        Respondent-Appellee.

No. 06-1399

D. Colorado

(D.C. No. 06-CV-1238-ZLW)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The court therefore orders the case submitted without oral argument.

Cameron Herr, proceeding *pro se*, appeals the district court's denial of the

habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. In his petition,

Herr asserts he sought to participate in the Bureau of Prisons' ("BOP")

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Residential Drug and Alcohol Program ("RDAP") but was advised he would not be eligible for a sentence reduction under 18 U.S.C. § 3621(e) even if he successfully completed the program. Herr challenges the BOP's determination. Exercising jurisdiction under 18 U.S.C. § 1291, we **affirm** the district court's denial of relief.

Pursuant to 18 U.S.C. § 3621(e), the BOP has discretion to reduce a federal inmate's sentence up to one year upon the successful completion of an RDAP. Section 3621(e)(2)(B) denies the sentence reduction to inmates convicted of violent offenses. In addition, the BOP has promulgated a regulation categorically denying the sentence reduction to inmates whose current offense is a felony involving, *inter alia*, the "carrying, possession, or use of a firearm or other dangerous weapon." 28 C.F.R. § 550.58(a)(1)(vi)(B). This regulation was upheld by the Supreme Court in *Lopez v. Davis*, 531 U.S. 230, 244 (2001).

In his § 2241 petition, Herr states he was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, but he also alludes to either a separate conviction for being a felon in possession of a firearm or a sentencing enhancement for possession of a firearm. In his appellate brief, Herr again implies he was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He then argues he is eligible for the § 3621(e) sentence reduction because (1) his conviction is nonviolent and (2) his offense conduct did not involve the use or possession of a firearm during the

commission of a separate felony, and thus *Lopez* does not apply. Accordingly, he asserts the BOP's categorical denial of the sentence reduction was error.

While Herr's arguments fail for any number of reasons,[1] we note that contrary to Herr's assertions, the judgment of conviction demonstrates he pleaded guilty to both the drug conspiracy count and to a second count of carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I).[2] Accordingly, even under Herr's erroneous reading of *Lopez*,[3] he is ineligible for the sentence reduction because his conviction involved the carrying of a firearm during the commission of a separate felony offense.

_____

[1]Any reliance Herr places on *Ward v. Booker*, 202 F.3d 1249, 1256 (10th Cir. 2000) is misplaced because *Ward* was abrogated by *Lopez*. *Lopez v. Davis*, 531 U.S. 230, 238, 244 (2001) (specifically referencing *Ward* and holding to the contrary that the BOP may categorically deny a sentence reduction to inmates whose current offense is a felony involving a firearm).

[2]A large number of other inmates currently incarcerated at the federal penal institution in Florence, Colorado have filed appeals raising the same arguments Hobbs raises in this appeal. We assume the error in Herr's appellate brief arose because he and these other appellants, some of whom were in fact convicted of being felons in possession of firearms, have filed what appear to be photocopies of the same appellate brief.

[3]*Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007) ("[Petitioner] misreads *Lopez* insofar as he claims that it does not apply when [his] offense involved mere possession of a firearm.").

Upon de novo review of Herr's appellate brief, the district court's order, and the entire record on appeal, this court **affirms** the denial of Herr's § 2241 petition. Herr's motion to proceed *in forma pauperis* on appeal is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge